UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD JOHNSON,

    Plaintiff,

v.

THOMAS CLAFTON,

    Defendant.

Case No. 13-14922
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

## OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [18]

Plaintiff Ronald Johnson claims that while in prison, Defendant Dr. Thomas Clafton inflicted cruel or unusual punishment proscribed by the Eighth Amendment because the physician was deliberately indifferent to his serious medical needs. Before the Court is Magistrate Judge R. Steven Whalen's report and recommendation granting Clafton's motion for summary judgment and dismissing Johnson's Complaint with prejudice. (Dkt. 22, Report & Recommendation.)

At the conclusion of his report and recommendation, the magistrate judge notified the parties that they were required to file any objections to his findings within fourteen days of service of the report and recommendation and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (Report & Recommendation at 9.) In support of this rule, the magistrate judge directed the parties to *Thomas v. Arn*, 474 U.S. 140 (1985).

There, Kathy Thomas was convicted of killing her husband and sought habeas corpus relief in federal court. *Thomas*, 474 U.S. at 142–44. The district judge referred Thomas' petition to a magistrate judge who issued a report and recommendation to deny the writ. *Id.* at 143–44.

Thomas did not object to the magistrate judge's findings, but the district judge nonetheless reviewed the entire record *de novo*, adopted the magistrate judge's report, and dismissed her petition on the merits. *Id.* at 144. Thomas appealed. The Sixth Circuit took a different route than the district court: it refused to reach the merits of Thomas' habeas corpus petition instead invoking the procedural rule it created in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See Thomas*, 474 U.S. at 144, 146–47. In *Walters*, the Sixth Circuit held that "a party shall file objections with the district court or else waive right to appeal" and that "a party shall be informed by the magistrate that objections must be filed within ten days or further appeal is waived." 638 F.2d at 949–50; *see also Patterson v. Mintzes*, 717 F.2d 284, 286 (6th Cir. 1983) ("In *Walters*, . . . this Court promulgated . . . [a] rule of waiver.").

The Supreme Court granted certiorari and was presented with this question: "whether a court of appeals may exercise its supervisory powers to establish a rule that the failure to file objections to the magistrate's report waives the right to appeal the district court's judgment." *See Thomas*, 474 U.S. at 144. The Court's answer: "it may." *Id.* The Supreme Court first explained that "[i]t cannot be doubted that the courts of appeals have supervisory powers that permit, at the least, the promulgation of procedural rules governing the management of litigation," and that the "Sixth Circuit's decision to require the filing of objections [to preserve appellate review] is supported by sound considerations of judicial economy." *Id.* at 146–47. It next rejected Thomas' argument that the procedural rule violated the Federal Magistrates Act explaining, in part, that "[t]he statute does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection." *Id.* at 149. Third, despite the potential for the waiver rule to result in no Article III judge (either district or circuit) reviewing the merits of a party's claim, the Court held that the rule did not run afoul of Article III of the

2

Constitution. *Id.* at 153–54. Finally, the Supreme Court explained that the waiver rule did not deny Thomas the right to appeal but "merely conditioned [it] upon the filing of a piece of paper." *Id.* at 155.

The procedural-default rule of *Walters*, as upheld in *Thomas* against statutory and constitutional challenges, is dispositive here. Magistrate Judge Whalen served his report and recommendation on July 14, 2015. (Dkt. 22, Report & Recommendation at 10.) Thus, if Johnson wanted this Court to review his findings, he should have filed specific objections to the report and recommendation by August 1, 2015—fourteen days from July 14, 2015 plus three extra because service was via mail. *See* Fed. R. Civ. P. 6(a), (d); Fed. R. Civ. P. 72(b)(2). Even allowing additional time to account for potential delay in the prison mailing system, the Court has not received any objections by Johnson or a request for more time to file them. Thus, this Court finds that Thomas' failure to object is a procedural default, waiving review of the magistrate judge's findings by this Court. *See Thomas*, 474 U.S. at 149 (explaining that Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level"); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)).

Defendant Clafton's Motion for Summary Judgment (Dkt. 18) is GRANTED and this case is DISMISSED WITH PREJUDICE, both on procedural grounds. A separate judgment will

follow.

      SO ORDERED.

                         s/Laurie J. Michelson
                         LAURIE J. MICHELSON
                         UNITED STATES DISTRICT JUDGE

Dated:  August 13, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 13, 2015.

                         s/Jane Johnson
                         Case Manager to
                         Honorable Laurie J. Michelson